Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Una vez más, una Mayoría de este Tribunal, a la luz de lo resuelto en Arroyo v. Hospital La Concepción, 130 D.P.R. 596 (1992), aplica automáticamente la doctrina de solidaridad en materia de daños para permitir que se incluya tardíamente como codemandada a una alegada cocausante solidaria del daño. Dicho curso de acción, a nuestro juicio, demuestra las consecuencias adversas que acarrea nuestra normativa actual, pues socava la figura de la prescripción como norma de derecho sustantivo. Por esta razón, disentimos, igual que lo hicimos en Arroyo v. Hospital La Concepción, supra.
*161 De la propia opinión mayoritaria surge que la demandante, Sra. Eva García Pérez, conocía que había sufrido el alegado daño y que la Dra. Doris González Torres —presidenta de la Corporación de Servicios Especializados para la Mujer y la Familia— era una de las alegadas responsables de éste. De hecho, en la demanda original que García Pérez presentó contra la Corporación, ésta alegó que desde que la doctora González Torres supo de su estado de embarazo fue sometida a actos discriminatorios que desembocaron en su despido. A pesar de lo anterior, García Pérez no incluyó a la doctora González Torres en su demanda. Por el contrario, optó por hacerlo tres años después, actuación que a nuestro juicio demuestra su dejadez y abandono, pero que la opinión del Tribunal hoy avala bajo el fundamento de que la demanda instada contra la Corporación interrumpió automáticamente la causa de acción contra la doctora González Torres.
Al igual que en Arroyo v. Hospital La Concepción, supra, la situación fáctica que presenta el caso de autos constituye una oportunidad desaprovechada para considerar la adopción de la doctrina francesa de obligación in solidum a nuestro ordenamiento jurídico. Ello es así, pues dicha doctrina exige que el demandante interrumpa el término prescriptive de la acción contra cada demandado por separado, prohibiendo de esa forma que la decisión sobre cuándo traer al pleito a un cocausante solidario quede al arbitrio del demandante. Así, la doctrina de responsabilidad in solidum previene la incertidumbre que ocasiona la pendencia indefinida de una causa de acción, cosa que es contraria a los fundamentos de la figura de la prescripción y que el estado de derecho actual no ha superado.
Por todo lo anterior, reiteramos nuestras expresiones disidentes de Arroyo v. Hospital La Concepción, supra. Igualmente, aunque entendemos que este caso no presenta la coyuntura adecuada para expresamos en torno a los efectos de la doctrina de solidaridad imperfecta u obligación in solidum sobre una posible acción de nivelación, compartí *162 mos el criterio esbozado por la compañera Juez Asociada Señora Rodríguez Rodríguez en su opinión disidente, en tanto entiende que debemos revisar nuestra normativa vigente respecto a la interrupción del término prescriptivo en los casos donde concurran cocausantes solidarios del daño.